J-S73035-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CORY JOHN ALTMAN | |
| Appellant | No. 490 WDA 2016 |

Appeal from the PCRA Order March 1, 2016
In the Court of Common Pleas of Warren County
Criminal Division at No(s): CP-62-CR-0000053-2009

BEFORE:  FORD ELLIOTT, P.J.E., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                 **FILED OCTOBER 04, 2016**

Cory Altman appeals from an order dismissing his petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*.  We affirm.

In 2008, Altman, then 28 years old, conspired with his sister, Susan Yeager, to murder Yeager's husband, Shawn Yeager, and make his death appear to be a hunting accident.  On December 5, 2008, Shawn Yeager's two sons returned home to find Shawn Yeager dead, lying on the porch of his residence.  When the police investigated, several witnesses revealed that Susan Yeager had discussed a number of times, with numerous people, over a period of several years that "she would be better off if her husband were dead."  Upon questioning, Susan Yeager confessed that she had solicited Altman and two others to commit the crime.  On December 8, 2008, Altman confessed that he had killed Shawn Yeager.  On May 14, 2009, a jury

convicted Altman of, *inter alia*, first degree murder and cruelty to animals.[1] On June 16, 2009, the trial court sentenced Altman to life imprisonment without the possibility of parole.

Altman filed timely post-sentence motions, which the trial court denied. Altman filed a timely direct appeal, but on December 2, 2009, he filed a praecipe to discontinue this appeal.

In 2010, Altman filed a timely PCRA petition. The PCRA court denied the petition after a hearing, and this Court affirmed at 1687 WDA 2010. In 2013, Altman filed a second PCRA petition. The PCRA court dismissed the petition without a hearing, and this Court affirmed at 785 WDA 2013.

On December 26, 2014, Altman filed his third PCRA petition, the petition presently under review. The PCRA court appointed counsel, who filed a **Turner/Finley**[2] letter stating that Altman failed to state any basis for relief and a motion seeking leave to withdraw as counsel. The court issued a notice of intent to dismiss the petition without a hearing and granted counsel's motion to withdraw. Altman filed a *pro se* response to the notice of intent to dismiss.

---

[1] 18 Pa.C.S. §§ 2502 and 5511, respectively.

[2] *See **Commonwealth v. Turner**, 544 A.2d 927 (Pa.1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super.1988) (en banc).

On March 1, 2016, the court entered an order dismissing Altman's petition. On March 31, 2016, Altman filed a timely notice of appeal. Both Altman and the PCRA court complied with Pa.R.A.P. 1925.

In this appeal, Altman raises a single issue, which we have paraphrased for ease of disposition: whether his sentence is unconstitutional under **Commonwealth v. Valentine**, 101 A.3d 801 (Pa.Super.2014), and **Miller v. Alabama**, -- U.S. --, 133 S.Ct. 2151 (2013).

Before we address the merits of Altman's claims, we must determine whether the PCRA court had jurisdiction to review his petition. We conclude that the PCRA court lacked jurisdiction to review Altman's challenge to the legality of his sentence under the PCRA's one-year statute of limitations, 42 Pa.C.S. § 9545(b).

Section 9545 provides that a petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1); **accord Commonwealth v. Bretz**, 830 A.2d 1273, 1275 (Pa.Super.2003). No court has jurisdiction to hear an untimely PCRA petition. **Commonwealth v. Monaco**, 996 A.2d 1076, 1079 (Pa.Super.2010) (citing **Commonwealth v. Robinson**, 837 A.2d 1157, 1161 (Pa.2003)). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Three exceptions to the PCRA's time-bar provide for very limited circumstances under which a court may excuse the late filing of a PCRA petition. 42 Pa.C.S. § 9545(b)(1); **Monaco**, 996 A.2d at 1079. The late filing of a petition will be excused if a petitioner alleges and proves:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petition invoking an exception to the PCRA time bar must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Altman's judgment of sentence became final on December 2, 2009, the date he discontinued his direct appeal to the Superior Court. The statute of limitations for filing a PCRA petition expired on December 2, 2010. The present PCRA petition, which Altman filed on December 26, 2014, is untimely on its face.

None of the exceptions in section 9545(b)(i-iii) apply to this case. Altman does not allege that the government interference or newly acquired evidence exceptions in section 9545(b)(i-ii) apply to his case.

- 4 -

With regard to subsection (iii), Altman alleges that his sentence is unconstitutional under **Valentine**, in which this Court held that the defendant's mandatory minimum sentence under 42 Pa.C.S. § 9712.1 for committing a robbery with a firearm was unconstitutional under **Alleyne v. United States**, -- U.S. --, 133 S.Ct. 2151 (2013). Subsection (iii) only permits relief when our Supreme Court or the United States Supreme Court recognizes a constitutional right and applies that right retroactively. Our Supreme Court has held that **Alleyne** does not apply retroactively to cases pending on collateral review, such as the present case. **Commonwealth v. Washington**, -- A.3d --, 2016 WL 3909088 (Pa., 7/15/16). Moreover, **Valentine**, as a decision from this Court, cannot afford retroactive relief to PCRA petitioners such as Altman.

Nor can Altman obtain relief under **Miller v. Alabama**. **Miller** held that mandatory sentences of life without parole violated the Eighth Amendment of the United States Constitution when imposed upon juvenile homicide defendants. Earlier this year, the United States Supreme Court held in **Montgomery v. Louisiana**, -- U.S. --, 135 S.Ct. 1546 (2016), that **Miller** applies retroactively to cases pending on collateral review wherein the judgment of sentence has already become final. Altman, however, was 28 years old at the time of his crime, so **Miller** does not entitle him to retroactive relief. **See Commonwealth v. Cintora**, 69 A.3d 759, 764 (Pa.Super.2013) (argument that **Miller** should be extended to persons over

the age of 18 whose brains were immature at time of their offenses did not bring PCRA petition within exception to time bar for petitions asserting newly-recognized constitutional rights).

For these reasons, the PCRA court and this Court lack jurisdiction over Altman's third PCRA petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  10/4/2016